**Allstate Insurance Company v. Southeastern Pennsylvania Transportation Authority**

*Thomas R. Bond*, for plaintiff.
*Joseph Keener, Jr.*, for defendant.

STOUT, *J.*, January 18, 1978 — Allstate Insurance Company filed a complaint on September 1, 1977, for indemnification for potential liability under the Pennsylvania Workmen's Compensation Act against Southeastern Pennsylvania Transportation Authority (SEPTA). The complaint alleged that on July 29, 1975, Joseph A. Bilotti, an employe of Stat Tab Data Corporation, was injured in an accident which resulted from the negligence of SEPTA. Allstate, as the Workmen's Compensation carrier for Stat Tab, further alleges that Bilotti has incurred expenses for treatment of his injuries and that they are subrogated to Bilotti's rights against third parties.

Defendant, SEPTA, filed preliminary objections to the complaint and requested dismissal of the complaint.

This court, after review of the facts and applicable laws, granted defendant's preliminary objections and dismissed the complaint of plaintiff.

This court finds that the accident occurred as a result of the maintenance and use of a motor vehicle on July 29, 1975, ten days after July 19, 1975, the effective date of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.301. The rights of the parties, therefore, are controlled by that act.

Under the Pennsylvania No-fault Insurance Act, the injured party, in this case Bilotti, has no right to sue a tortfeasor for recovery in tort for his economic loss. Since Bilotti has no claim against SEPTA for payments of economic loss by virtue of the No-fault Act, Allstate Insurance Company cannot substitute itself to make out such a claim: Brunelli v. Farrelly, 64 Del. Co. 237 (1977).